IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BRYAN PLANK** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 4:14-CV-01816 |
| | ) |
| **CAVALRY PORTFOLIO SERVICES, LLC** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Serve Defendant at: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, Missouri 63105 | ) |

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff, Bryan Plank, and for his Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Jefferson County, Missouri.

1

## PARTIES

4.     Plaintiff is a natural person currently residing in Jefferson County, Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5.     Defendant is a collection agency and debt buyer registered in Missouri as a foreign corporation.  The principal business purpose of Defendant is the collection of debts in Missouri and Defendant regularly attempts to collect debts alleged to be due another.

6.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a (6).

## FACTS

7.     On or about October 14, 2014, Plaintiff accessed a copy of his credit report.

8.     On Plaintiff's credit report, Defendant had made an entry on or about September 8, 2014.

9.     Defendant had reported a debt owed to HSBC Bank Nevada with a balance due of $2,372.00. **Exhibit 1.**

10.    The credit report shows the account at issue as an open collections account.

11.    Plaintiff filed for bankruptcy protection on March 26, 2013. **Exhibit 2.**

12.    The debt at issue was included in Plaintiff's Chapter 13 Bankruptcy Plan.

13. HSBC Nevada was listed as a creditor and received notice of Plaintiff's bankruptcy. **Exhibit 2 at pg 20.**

14. The account balance at the time of the bankruptcy filing was $2,104.00.

15. That Defendant is not entitled to accrue interest pursuant to the bankruptcy stay.

16. Upon information and belief, Defendant has been put on notice of the debt being included in Plaintiff's Chapter 13 bankruptcy plan by accessing Plaintiff's credit report in order to furnish derogatory, negative and inaccurate information to these credit reporting agencies.

17. Defendant's collection activities are in direct violation of the U.S. Bankruptcy Court's automatic stay.

## COUNT I: VIOLATIONS OF THE FDCPA

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

19. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

    a. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

    b. Trying to collect interest not permitted by the U.S. Bankruptcy Court stay. 15 U.S.C. § 1692f(1).

    c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

      d.      Communicating information to credit reporting agencies that Defendant knew or should know to be false.  15 U.S.C. § 1692e(8).

      e.      Taking action that cannot legally be taken by trying to collect on a debt enrolled in bankruptcy protection.  15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

      A.      Judgment that Defendant's conduct violated the FDCPA;

      B.      Actual damages;

      C.      Release of the alleged debt;

      D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

      E.      For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

_____
**JAMES W. EASON, #57112**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**

**4**